ELLIS, Judge:
Plaintiff Willie E. Allen was injured when he allegedly tripped over a piece of wire and fell while working at the construction site of “One American Place” in Baton Rouge. One American Place is a large, high rise building, which was being constructed as a joint venture by Haas & Hay-nie Corporation and Tudor Construction Company. The structural steel work, and the placing of certain metal forms, was subcontracted by John F. Beasley Construction Company.
Plaintiff, an employee of the joint venture, brought this suit against Beasley and Clarence 0. Durand, Preston E. Waller and Henry Leroy Schilling, executive officers of the joint venture, alleging that their negligence was the proximate cause of his injuries. Continental Insurance Company intervened to recover workmen’s compensation benefits paid by it to plaintiff. After *1186 trial on the merits, judgment was signed dismissing both plaintiff’s suit and the intervention. From this judgment, plaintiff has appealed.
The criteria necessary for the imposition of liability in the so called “executive officer” cases are set forth in Canter v. Koehring Company, 283 So.2d 716 (La.1973)) as follows:
“1. The principal or employer owes a duty of care to the third person (which in this sense includes a co-employee), breach of which has caused the damage for which recovery is sought.
“2. This duty is delegated by the principal or employer to the defendant.
“3. The defendant officer, agent, or employee has breached this duty through personal (as contrasted with technical or vicarious) fault. The breach occurs when the defendant has failed to- discharge the obligation with the degree of care required by ordinary prudence under the same or similar circumstances — whether such failure be due to malfeasance, misfeasance, or nonfeasance, including when the failure results from not acting upon actual knowledge of the risk to others as well as from a lack of ordinary care in discovering and avoiding such risk of harm which has resulted from the breach of duty.
“4. With regard to the personal (as contrasted with technical or vicarious) fault, personal liability cannot be imposed upon the officer, agent, or employee simply because of his general administrative responsibility for performance of some function of the employment. He must have a personal duty towards the injured plaintiff, breach of which specifically has caused the plaintiff’s damages. If the defendant’s general responsibility has been delegated with due care to some responsible subordinate or subordinates, he is not himself personally at fault and liable for the negligent performance of this responsibility unless he personally knows or personally should know of its non-performance or mal-performance and has nevertheless failed to cure the risk of harm.”
It is not contested that each of the individual defendants bore the responsibility for providing a safe environment. However, the record does not reveal any breach of this responsibility. To the contrary, it reflects an ongoing concern for safety on the part of all three defendants. Weekly safety meetings, which were attended by plaintiff, were held. At those meetings, all employees were instructed in safety techniques, including recognition and removal of hazardous conditions. In addition, a full time clean-up crew was employed, with no responsibility other than removal of debris which might cause such an accident. It is not suggested that this crew did not perform its duties in a proper manner. Each of the individual defendants testified that he was constantly on the look-out for hazardous conditions, which if discovered, would be ordered remedied at once.
There is no evidence to indicate how long the alleged hazardous condition in this case had existed, or that it was known to any of the individual defendants. We agree with the trial judge that no negligence was shown on the part of these defendants so as to render them liable under the rationale of the Canter case, supra.
We further note that plaintiff’s own testimony casts serious doubt on his story of how the accident happened.
With respect to Beasley, the record is completely devoid of evidence of any negligence on its part.
The judgment appealed from is affirmed, at plaintiff’s cost.
AFFIRMED.